[Crim. No. 2144. Second Appellate District, Division One.—January 22, 1932.]

THE PEOPLE, Respondent, v. JOHN MAGUSIN, Appellant.

W. Frank Shelley for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The crime described in section 146 of the California Vehicle Act (Stats. 1923, p. 564), and of which defendant was found guilty, is committed when any person drives a vehicle not his own, without the consent of the owner thereof and in the absence of the owner, and with intent to deprive the owner of his title or possession, whether with or without intent to steal the same. Any person who assists in, or is a party or accessory to or an accomplice in, any such stealing or unauthorized taking or driving, shall also be deemed-guilty of a felony.

 It is contended by appellant that the evidence is not sufficient to prove that the crime was committed at all, and is not sufficient to prove that the appellant was guilty thereof. It was established by the testimony of the owner that, on the thirtieth day of June, 1931, in the afternoon, he parked his car on Lucas Street in the city of Los Angeles; that it was taken away from that place in his absence and without his consent; that on the next day it was found at another place in the city. The witness Robinson, engaged in the tire business on Pico Street, testified that at an hour which was shortly after the time when the owner had left his Graham Paige car on Lucas Street, a car of the same description was driven into his shop by the defendant's brother, immediately preceded by a Ford car driven by the defendant. The defendant and his brother both took part in the transaction which followed, whereby the new or nearly new tires on the Graham Paige car were taken off and four very old tires put on in their place. Four of the Graham Paige tires were taken away in the Ford, and the spare tire from the Graham Paige was left in the shop. By reason of the failure of Robinson to remember either the license number of the Graham Paige or the numbers of any of the tires, the identification of the car and tires was dependent upon other items of description, which were more difficult of proof. The spare tire, however, was identified as one of those belonging with the Graham Paige car. According to the testimony of Robinson, and of certain police officers, it was established that Robinson delivered this tire to certain police officers, and the evidence of its identity was preserved until it was brought into court at the trial. (Rep. Trans., pp. 22, 23, 72, 73 and 81.) A

large part of the argument in the brief for appellant consists of an attack upon the credibility of the witness Robinson—a subject with which, of course, this court has nothing to do.

■ Appellant's next point relates to "improper questioning by the deputy district attorney greatly prejudicial to defendant". These were questions relating to other and previous transactions of the defendant with the witness Robinson in changing tires on other cars. First there was a series of questions about a Chevrolet car, which were asked and answered without any objection from the defendant. This was followed by a question relating to another transaction, when for the first time appellant made objection, and the objection was sustained. Apparently this redirect examination was brought about as the result of some matters brought out by defendant on cross-examination of the witness. Moreover, there was no assignment of misconduct made by defendant at the trial. The point is without merit.

■ It is claimed that the court erred in permitting a police officer to testify to a conversation which he had with a third person in the presence of the appellant. The point is that the testimony is hearsay and therefore inadmissible. The record shows that this testimony was given without any objection made in behalf of the defendant. The point as now presented is without merit.

It appears that the defendant was given a fair trial; and the cause was submitted to the jury under presumably correct instructions, since no criticism thereof has been offered by appellant.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 5, 1932.