[Crim. No. 2302.   First Dist., Div. Two.   Oct. 19, 1944.]

THE PEOPLE, Respondent, v. JAMES PETERSON, Appellant.

A. J. Hennessy for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

SPENCE, J.—Three persons, James Peterson, Leonard Griggs and Geneva Griggs, were charged in a single information with the crime of burglary. They entered pleas of not guilty and waived a jury trial. At the opening of the trial Leonard Griggs withdrew his plea of not guilty and entered a plea of guilty. The trial before the court thereupon proceeded as to James Peterson and Geneva Griggs and resulted in a finding that both were guilty of second degree burglary. James Peterson, hereinafter referred to as appellant, was sentenced to imprisonment in the county jail for ninety days. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

Appellant's briefs contain no appropriate headings indicating his contentions on this appeal but in the body of the reply brief he states, "The appeal is based mainly on two

grounds: Insufficiency of the evidence to support the judgment and errors of the Court in ruling on matters of law and on the introduction of evidence which were highly prejudicial to the defendant.''

The testimony found in the record may be briefly summarized. At about 2 o'clock on the morning of November 30, 1943, the Arnold Liebes Fur Store on Post Street in San Francisco was entered by breaking a window. Three fur coats and two neck pieces were stolen therefrom. A passing taxi driver heard a noise at the store entrance ''as if something was knocking against the glass'' and he returned to the scene of the crime and saw two men and a woman leaving the store. He noticed at the time that the woman was carrying a fur coat and was wearing another coat. He notified a special officer of the American District Telegraph Company who, shortly thereafter, apprehended the woman who was still carrying the fur coat. At the time of her apprehension, the two men were no longer with her. The woman was defendant Geneva Griggs who was found to be wearing another fur coat under her own coat in addition to carrying the fur coat previously mentioned. She then stated that the two coats had been given to her by two men who had obtained them by breaking a window in a fur store. These two fur coats, together with a third fur coat and two neckpieces hereafter mentioned, were identified as the property which had been taken from the Arnold Liebes Fur Store.

Defendant Geneva Griggs talked freely with the officer, giving her address and stating that her husband and another man had committed the offense. She went with the officer to the address given which was found to be a small hotel on the Embarcadero at which she and her husband were registered. When the officers entered the room occupied by defendants Leonard Griggs and Geneva Griggs, defendant Leonard Griggs and appellant were found seated in chairs and the third fur coat and the two neckpieces which had been stolen were found on the bed. The two men were dressed in clothes which corresponded with the description, given by the taxi driver, of the clothes worn by the two men who had been seen leaving the store with defendant Geneva Griggs. The testimony shows that all three defendants were ''drunk.'

The officer had a conversation with the three defendants at the hotel room. In response to questions from the officer, defendant Geneva Griggs stated that both her husband and ap-

pellant had participated in breaking the window and taking the furs. At that time, defendant Griggs admitted breaking the window and taking the furs but he denied that his wife had been with him or that he had given her any furs. In fact, he denied that anyone had been with him at the time. Appellant denied participation in the commission of the offense but he failed to answer any of the questions asked him concerning his whereabouts on that night.

Appellant took the stand and testified at the trial. While appellant admitted that he had been with defendants Leonard Griggs and Geneva Griggs for about four hours that night and had accompanied defendant Leonard Griggs to his room a few minutes before the officer arrived, he testified he had not been present when the offense was committed. He claimed that after drinking with the other defendants for some time, he had left them and had gone to a moving picture show and that he had thereafter happened to see defendant Leonard Griggs on the Embarcardero and had followed him to the room. A reading of the entire testimony of appellant clearly indicates that the trial court was entirely justified in rejecting the portions tending to establish an alibi.

Appellant states in his opening brief, ''The only evidence against Peterson is the extra-judicial statement of Geneva Griggs who was intoxicated at the time and which Peterson promptly denied.'' We cannot agree with this statement. On the contrary, we are of the opinion that there was ample circumstantial evidence, without regard to the statement of defendant Geneva Griggs, to sustain the judgment of conviction. ██ It is well settled that guilty participation may be shown by circumstantial evidence (*People* v. *Perkins,* 8 Cal.2d 502 [66 P.2d 631] ; *People* v. *Tom Woo,* 181 Cal. 315 [184 P. 389] ; *People* v. *McCarthy,* 45 Cal.App.2d 278 [114 P.2d 24] ; *People* v. *Anderson,* 37 Cal.App.2d 615 [100 P.2d 348]) ██ and it was for the trial court to determine whether appellant's alibi testimony should be believed even though there was no direct testimony to contradict his story. (*People* v. *Russell,* 34 Cal. App.2d 665, 669 [94 P.2d 400]).

Appellant's contention that the trial court committed error ''in ruling on matters of law and on the introduction of evidence'' is not directed to any specific ruling of the trial court. He states that ''The only reference to Peterson during the trial was by Officer Burton and it was definitely hearsay and incompetent.'' ██ It may be conceded that the only *direct*

evidence offered by the prosecution to show that appellant participated in the crime was the testimony of the officer covering the statement made by defendant Geneva Griggs in the presence of the other defendants at the hotel room. It may be further conceded that the evidence showed that appellant promptly denied the accusation. Ordinarily such evidence would constitute hearsay and would be inadmissible for the reason that an accusatory declaration of a third party is admissible under section 1870, subdivision 3 of the Code of Civil Procedure only for the purpose of showing the conduct of the accused in relation to such statement. (*People* v. *McEvers,* 53 Cal.App.2d 448, 452 [128 P.2d 93]; *People* v. *Smith,* 25 Cal.App.2d 241, 247 [77 P.2d 277]; 8 Cal.Jur. 101, § 196).

But the testimony under consideration here was introduced without objection and no motion to strike or to limit its effect so as to exclude its application to appellant was made. Even if it be assumed that said statement constituted inadmissible hearsay, it is to be considered on appeal in support of the judgment when no objection or motion to strike or to limit its effect was made in the trial court. (*People* v. *Magusin,* 120 Cal.App. 115 [7 P.2d 764]; *People* v. *Freer,* 104 Cal.App. 39 [285 P. 386]; *People* v. *Lorden,* 62 Cal.App. 501 [217 P. 117].)

In this connection it may be stated that later in the trial and during the cross-examination of appellant, he was asked whether he remembered the statement made by Geneva Griggs in his presence accusing him of participation in the crime. He answered ''No.'' After the question had been answered, his counsel objected on the sole ground that it was not proper cross-examination. After some discussion, his counsel said, ''I withdraw my objection. Go ahead and ask him where he was born, and ask him who his father and mother is, and who baptized him. I withdraw any objections. Let him go ahead.'' The question was then read to appellant and he again answered ''No.'' His counsel then moved ''to strike that testimony out.'' Discussion followed which was directed at the admissibility of accusatory statements but it is entirely apparent that the above mentioned motion to strike was directed solely at the testimony of appellant on the subject. Appellant's counsel stated during the discussion, ''You have already got it from the officer.'' The district attorney said, ''I want to get it from him'' whereupon appellant's counsel again said, ''You have got it from the officer.'' It therefore appears that no objection or motion to strike or to limit was made

with respect to the testimony which had been previously given by the officer. Under these circumstances no claim of prejudicial error can rest upon the mere denial of appellant's motion to strike which was directed only at his own testimony denying any recollection of the making of the accusatory statement.

The judgment and order denying the motion for new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.