For the foregoing reasons, the judgment is affirmed.

Doran, Acting P. J., concurred.

York, P. J., deeming himself disqualified, did not participate in the hearing or decision of this cause.

[Crim No. 2465.    First Dist., Div. Two.    Oct. 24, 1947.]

THE PEOPLE, Respondent, v. ROBERT GEORGE STEPP, Appellant.

Alfred J. Hennessy for Appellant.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant and one other were charged under two informations with two acts of robbery. The codefendant pleaded insanity and at the time of defendant's trial was confined in the state hospital for the criminal insane. The two informations were consolidated as to the defendant Stepp and he was found guilty under both. This defendant rejected the terms of an order of probation and appealed from the order denying his motion for a new trial and from the judgment.

The codefendant was shown to have held up a drugstore in August, 1946, and another on September 1 of the same year. In both instances he appeared alone in the drugstore using a gun later found in appellant's possession. In both instances he ran from the store to a waiting automobile which belonged to appellant. In both instances a man was waiting for him in the driver's seat and drove the car out of the neighborhood. The automobile and the gun used in these holdups were both identified as identical or similar to those found in appellant's possession.

After the arrest of the two defendants, and while two police inspectors were interrogating them, the codefendant admitted that he had committed both robberies, that appellant was in on both of them, that they had used appellant's automobile, and that they had divided the loot between them. When appellant was asked if he had anything to say he answered: "I have nothing to say, I remain mute." No objection was made to this testimony, hence, the only question is whether the evidence as a whole is sufficient to support the verdict.

The evidence of the conversation is found in the testimony of one of the police inspectors. He gave a full account of the conversation, the accusation made by the codefendant, the inquiry made to appellant as to whether he wanted to answer, and the failure of appellant to make any denial. The latter

took the stand and denied the entire conversation. On this conflict the jury found against him.

■ On the appeal the appellant for the first time argues that the testimony was inadmissible. Cases are cited holding that similar circumstances did not call for a reply and others holding that instructions covering the subject of accusatory statements were improper. All these are beside the point. Section 1870, subdivision 3 of the Code of Civil Procedure authorizes the admission of such testimony, and when it is admitted. without objection, there is no error on the part of the trial court which may be urged on appeal. This rule has been universally accepted and is not now open to argument. The portion of the majority opinion in *People* v. *Simmons,* 28 Cal.2d 699 [172 P.2d 18] which relates to the matter of accusatory statements is an interesting discussion of the question of the admissibility of such testimony, but what is controlling here is found in the concurring opinion where it is said: (p. 723) "It is conceded that on the trial defendant's counsel made no objection to the admission of the statements in evidence and no motion to strike or limit its effect was made. It is the rule that unless objection to it is made at the trial such evidence is beyond attack on appeal and may be considered in support of the judgment. (*People* v. *Lawrence,* 143 Cal. 148 [76 P. 893, 68 L.R.A. 193] ; *People* v. *Peterson,* 66 Cal.App.2d 420 [152 P.2d 347] ; 2 Cal.Jur. § 82, p. 263; 8 Cal.Jur. § 516, p. 500; 4 Cal.Jur. 10-Yr.Supp. (1943 rev.) 909.)" Directly in point is *People* v. *Peterson, supra,* where it is said (p. 424) : "But the testimony under consideration here was introduced without objection and no motion to strike or to limit its effect so as to exclude its application to appellant was made. Even if it be assumed that said statement constituted inadmissible hearsay, it is to be considered on appeal in support of the judgment when no objection or motion to strike or to limit its effect was made in the trial court. (*People* v. *Magusin,* 120 Cal.App. 115 [7 P.2d 764] ; *People* v. *Freer,* 104 Cal.App. 39 [285 P. 386] ; *People* v. *Lorden,* 62 Cal.App. 501 [217 P. 117].)"

The evidence offered in support of an alibi was too weak to require comment. It is sufficient to say that the jury did not believe it.

■ We find no error in the instructions. The jury was properly instructed that the reaction of the accused was the evidence to be considered, and that the accused must have been given a fair opportunity to deny the accusation.

The instruction requiring a finding that the property was taken by means of force or fear fully covered the case made out by the State charging the appellant with having aided and abetted his codefendant in the commission of the robberies.

Judgment and order affirmed.

Goodell, J., concurred.

DOOLING, J.—I dissent. My associates agree with me that, apart from the alleged admission by failure to deny the accusatory statement of the codefendant Herron, the evidence is not sufficient to establish appellant's guilt beyond a reasonable doubt, and does no more than to create or arouse a bare suspicion of guilt. The evidence shows that the defendant Herron after each of the robberies fled in an automobile similar to that owned by appellant and when arrested appellant had in his possession the pistol used by Herron in the commission of the robberies. No witness identified appellant as the driver of the automobile nor was he otherwise identified as a participant in either robbery. The case is therefore one in which the evidence, apart from the alleged admission by conduct in the face of his codefendant's accusation, is insufficient to support the conviction. (*People* v. *Seawright,* 72 Cal.App. 414 [237 P. 796] ; *People* v. *Enriquez,* 39 Cal.App.2d 168 [102 P.2d 770].)

In *People* v. *Simmons,* 28 Cal.2d 699 [172 P.2d 18], the majority of the Supreme Court deliberately engaged in a reexamination and reappraisal of the field covering the admissibility of accusatory statements and the conduct of a defendant in the face of such statements. Their conclusion is that the mere failure of a defendant to deny an accusation made in his presence is not under all circumstances admissible in evidence against him, because under certain circumstances the failure to deny an accusation cannot legally be construed as a tacit admission of its truth. Specifically, as applied to the facts of this case, the court expressly stated in the Simmons case that if a defendant refuses to affirm or deny his guilt because of a desire to stand on his constitutional right against self-incrimination, his conduct in so doing constitutes no evidence of guilt and for that reason may not be placed in evidence. The majority opinion in that case says at page 719:

"No violation of the privilege against self-incrimination can be sanctioned." The later case of *People* v. *Spencer,* 78

Cal.App.2d 652 [178 P.2d 520], expressly holds the accusatory statement and the conduct of the appellant in that case in refusing to deny it inadmissible on the ground that it there appeared that in refusing to deny, appellant was standing on his constitutional right.

The testimony of Police Officer O'Leary in this case is that while under arrest appellant was confronted by Herron who accused him of complicity in the robberies, and on being asked what he had to say, appellant replied: "I have nothing to say, I remain mute." This language in my judgment indicated an intention on the part of appellant to exercise his constitutional right against self-incrimination. The expression "I remain mute" is a term of art in criminal law sufficient to indicate that appellant had his constitutional rights in mind.

It is true that the evidence of the accusatory statement and appellant's reply were admitted without objection; but the very basis of the rule requiring their exclusion if it appears that a defendant in refusing to answer the charge was standing on his constitutional right is that such conduct constitutes no evidence of guilt. If it constitutes no evidence of guilt it adds nothing to the case against the appellant.

The appellant here has been convicted of a crime with no more substantial evidence than his failure to deny the accusation of a lunatic (it being an admitted fact that Herron was adjudged insane) and that while he was exercising his constitutional right against incriminating himself.

The judgment and order denying appellant's motion for a new trial should be reversed.

Appellant's petition for a hearing by the Supreme Court was denied November 20, 1947. Carter, J., and Schauer, J., voted for a hearing.