[Crim. No. 5355. Second Dist., Div. Two. Sept. 29, 1955.]

THE PEOPLE, Respondent, v. DANIEL LUNA RODRIQUEZ, Appellant.

*Assigned by Chairman of Judicial Council.

James S. Fitzpatrick for Appellant.

Edmund G. Brown, Attorney General, and Marvin Gross, Deputy Attorney General, for Respondent.

FOX, J.—A jury found defendant guilty of violating section 11500 of the Health and Safety Code in that he sold a quantity of heroin. The jury also found to be true the charge that he had suffered a prior conviction for violating the same code section. Defendant appeals from the judgment of conviction.

At about 5:15 on the afternoon of June 30, 1954, Deputy Sheriff Stoops, accompanied by Posa Ayana, drove up in front of defendant's home. Officer Stoops honked his horn and defendant emerged from the house and came to the passenger side of the car, where, after some conversation, he was asked by Miss Ayana for "half a gram." While defendant was conversing with Miss Ayana he held a "finger stall" which he eventually began to untie, and which contained approximately 10 capsules. He then took five capsules out of this stall and put them into a cellophane bag which the officer held in his hand. Miss Ayana gave defendant $15, whereupon the officer drove away. The contents of these capsules proved to be heroin.

Deputy Sheriff McHaney was sitting in his car about a

half block away. He saw a person leave the house in question and walk to the passenger side of Officer Stoops' car; this person stood beside the door for a few minutes and then walked away.

Officer McHaney testified that defendant admitted he was addicted to the use of narcotics and that he had peddled narcotics to support his habit, but that he never sold more than a gram a day and then only to persons he knew. He first denied and then stated that he did not remember making a sale to Officer Stoops.

On the witness stand defendant denied making any sale to Stoops or Miss Ayana, and also denied making any admissions to Officer McHaney. He did admit, however, a previous conviction for a similar offense. Defendant also claimed that on the day in question he did not get home until between 5:30 and 5:45 in the afternoon.

As nearly as we can determine from defendant's brief (he has completely disregarded rule 15(a) of the Rules on Appeal), he asserts prejudicial error: (1) in receiving evidence of an accusatory statement which he denied; and (2) the admission in evidence of statements regarding his prior dealings with narcotics. There is no merit in either of these contentions.

The general rule is that accusatory statements which are denied by the defendant are inadmissible as hearsay.

However, failure to object to the admission of a hearsay statement, or to move to strike it upon that ground, is a waiver of such objection. (*People* v. *Millum,* 42 Cal.2d 524, 528 [267 P.2d 1039]; *People* v. *Stepp,* 82 Cal.App.2d 49, 51 [185 P.2d 417]; *People* v. *Peterson,* 66 Cal.App.2d 420, 424 [152 P.2d 347].) In the instant case defendant's trial counsel* objected to the admission of the accusatory statements on the ground of immateriality. This objection was properly overruled. Counsel did not raise the question that such statements were hearsay. Defendant may not now predicate prejudicial error in the admission of evidence on a ground he did not even suggest to the trial court. (*People* v. *Renek,* 105 Cal.App.2d 277, 283 [233 P.2d 43]; *People* v. *Goff,* 100 Cal.App.2d 166, 172 [223 P.2d 27]; *People* v. *Calliham,* 81 Cal.App.2d 928, 933 [185 P.2d 342].)

It was not error to admit statements of defendant to the investigating officers relative to his previous activities in selling narcotics. "It is well settled that if evidence

---

*Defendant has new counsel on appeal.

in a criminal case tends logically, naturally and by reasonable inference to establish any fact material for the People, or to overcome any material matter sought to be proved by the defense, it is admissible whether it embraces the commission of another crime or not and whether it be part of a single design or not.'' (*People* v. *Coefield,* 37 Cal.2d 865, 869 [236 P.2d 570].) Thus evidence of other acts of a similar nature may be admitted when not too remote, where it tends to show motive, scheme, plan or pattern of conduct, or to show guilty knowledge and intent. (*People* v. *MacArthur,* 126 Cal.App.2d 232, 238 [271 P.2d 914] ; *People* v. *Haywood,* 131 Cal.App.2d 259, 262 [280 P.2d 180].) In this case, defendant denied making the sale in question, hence evidence which tended to show his scheme and plan or pattern of operation in habitually selling narcotics tended to establish a fact material to the case of the prosecution. (*People* v. *Coefield, supra; People* v. *Torres,* 98 Cal.App.2d 189, 192 [219 P.2d 480].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.