[Crim. No. 3282.   First Dist., Div. Two.   June 10, 1957.]

THE PEOPLE, Respondent, v. CLARENCE M. PEARSON,
Appellant.

Clarence M. Pearson, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, J. Frank Coakley, District Attorney (Alameda), and S. Sayer Snook, Deputy District Attorney, for Respondent.

DOOLING, J.—Appellant was convicted of the crime of making and uttering a forged and fictitious check for $107.30 with the intent to defraud one Kennedy and the bank on which the check was drawn. He appeals from the judgment of conviction and from orders denying a new trial and motion in arrest of judgment.

The evidence shows that appellant, representing himself to be one Meiss, ordered and had printed by a commercial printer 500 checks in the name of ''Amplex Equipment Company, 9607 San Leandro Boulevard, Oakland, California'' and drawn on the named bank. Amplex Equipment Company had no account in this bank, the address given was a vacant lot, and no such company was listed on the records of the telephone company or water company. The check passed on Kennedy was given in payment for a gun and the gun and change in cash were given by Kennedy to appellant. This check was purportedly signed by H. L. Madden and made payable to and endorsed with the name of George S. Edwards. Edwards testified that he had never seen or endorsed this check.

The prosecution proved, over defendant's objection, the passing of similar checks by appellant purportedly signed by Madden and payable to Edwards on the fictitious account of Amplex Equipment Company to five separate persons,

all of whom identified appellant as the man who had given them the checks.

Defendant admitted giving the check to Kennedy but testified that he had received the check from Edwards already endorsed by Edwards and believed in good faith that it was genuine.

The evidence of appellant's guilt is convincing. According to the testimony appellant, using a name not his own, had 500 checks printed in the name of Amplex Equipment Company, which was probably fictitious, and on a bank in which such company had no account, giving as the address of the company a vacant lot. He passed at least six of such checks in a short period of time, all made payable to Edwards, whom he admittedly knew, and Edwards denied any knowledge thereof. There are other corroborative details which we need not mention.

■ Appellant complains of the introduction of the evidence of his passing the other five checks. They were admissible under the well known rule that evidence of similar criminal acts occurring at or about the same time may be introduced to show common plan or design and criminal intent. (*People* v. *Thorne,* 10 Cal.2d 705, 708 [76 P.2d 491] ; *People* v. *Rodriquez,* 135 Cal.App.2d 757, 760 [288 P.2d 147] ; *People* v. *Fox,* 126 Cal.App.2d 560, 569 [272 P.2d 832] ; *People* v. *Robinson,* 102 Cal.App.2d 800, 806-807 [228 P.2d 583].)

Appellant argues that he was deprived of his constitutional rights by having the assistance of a public defender forced upon him and by being deprived while confined in the county jail of the privilege of consulting books in the county law library. We are satisfied with the disposal of similar claims in the opinion of Division One of this court in an appeal by the same defendant from a conviction of other offenses. (*People* v. *Pearson,* 150 Cal.App.2d 811 [311 P.2d 142].)

■ We have before us the transcript of the preliminary hearing which was not before the other division in the companion case. This transcript shows that the public defender entered a plea of not guilty before the committing magistrate in the absence of appellant. However, appellant was present during the examination of all witnesses at the preliminary hearing which was held on a subsequent date. We cannot find any prejudice to appellant in the irregularity of entry of the plea.

■ Appellant argues that there was no evidence that he

endorsed Edwards' name on the check given Kennedy. Kennedy's niece testified that she saw appellant write the name of Edwards on the back of the check. The effect of the cross-examination of this witness upon the credibility of her testimony presented a question for the jury to decide. Furthermore the circumstantial evidence reasonably supports the inference that appellant forged the entire check.

■ The denial of a continuance to procure the attendance of two witnesses was justified by the failure of appellant to advise the court of the testimony which he expected them to give. (*People* v. *Fountain,* 170 Cal. 460 [150 P. 341]; *People* v. *Walton,* 97 Cal.App. 782 [276 P. 426].)

The alleged misconduct of counsel in introducing evidence of a gun and resistance to arrest is not borne out by the record. The offer was made outside the presence of the jury and the court ruled against its admission. ■ Since appellant testified, it was proper to prove his prior convictions of felony by way of impeachment. The evidence of other similar transactions was properly admitted and there was no impropriety in the prosecutor referring to them in argument and exhibiting the several checks to the jury.

■ There was no error in refusing to allow appellant to examine police reports. These reports were not used by any witness and the refusal to permit their examination was proper. (*People* v. *Glaze,* 139 Cal. 154 [72 P. 965]; *People* v. *Santora,* 51 Cal.App.2d 707 [125 P.2d 606].)

■ There was no variance between the information and the proof. Since the amendment of section 470, Penal Code, in 1905 the uttering of a forged check is a violation of that section (*People* v. *Ruiz,* 103 Cal.App.2d 146, 149 [229 P.2d 73]) and the person uttering it may be prosecuted either under that section or under section 476 of the same code (*People* v. *Carmona,* 80 Cal.App. 159 [251 P. 315]).

■ Since appellant was under sentence of life imprisonment it was improper to make the sentence in this case run consecutively. (*People* v. *Pearson, supra,* 150 Cal.App.2d 811.)

The judgment is amended to provide that the term of imprisonment shall run concurrently with any term or terms that defendant is presently required to serve. The orders appealed from and the judgment as amended are affirmed.

Kaufman, P. J., and Draper, J., concurred.