[Crim. No. 4055.   First Dist., Div. Three.   Oct. 22, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES W. CARTER, Defendant and Appellant.

James W. Carter, in pro. per., and Philip N. Schmidt, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—Appellant was convicted of violating section 11715 of the Health and Safety Code, which makes punishable the forgery of narcotic prescriptions, and of two burglaries of automobiles.

On March 30, 1961, at about 11:30 a.m., Dr. Anthony P. Bagatelos parked and locked his automobile in front of his

office at 2367 Ocean Avenue, San Francisco. When he returned at 12:05 p.m., the right front window had been broken, and his medical bag containing, among other things, some narcotic medications and some triplicate narcotic prescription blanks, was missing. Among the prescription blanks taken was one bearing the number LL-244,644.

On the same date, at about noon, Dr. William Dwyer also parked and locked his car near his office at 2435 Ocean Avenue. Twenty minutes later, when he returned, he found his car had been broken into and his medical bag, containing three or four ampules of pantopon, a narcotic, missing. Subsequently, the bag was recovered, but the pantopon was not inside.

On April 6, 1961, at about 1 p.m., the appellant went into Bowerman's Pharmacy at 2501 Ocean Avenue, and handed the sales clerk two copies of a prescription. The prescription was numbered LL-244,644, was made out for a patient of Dr. Bagatelos who had died some six weeks before, called for morphine sulphate, a narcotic, and bore the forged signature of Dr. Bagatelos. The pharmacist, suspicious of the prescription, called Dr. Bagatelos, and subsequently the police were called. An officer arrived and, after a struggle, took appellant into custody.

At trial, the prosecution presented expert testimony to the effect that appellant's palm print was found on the inside of the vent window of Dr. Bagatelos' car, following the burglary, and also that one of appellant's fingerprints was found on a piece of glass inside Dr. Dwyer's car after the burglary.

Trial commenced July 5, 1961. The appellant elected to proceed in propria persona, although the court attempted to discourage him from doing so. After the prosecution had examined one witness, recess was taken and the court specifically directed all witnesses in the courtroom to return at 2 p.m. After the recess, the prosecution continued with its case, and then rested. Before adjournment, the appellant requested and was granted counsel. The court directed the jury to return the following morning. On July 6, 1961, appellant was ill and, although he had been brought to the courtroom, he had to be returned to jail before proceedings commenced. An assistant public defender was present to represent him. Two witnesses subpoenaed by appellant were present. The court set the matter over until the following morning and directed the jurors to return unless telephoned by the bailiff. The witnesses in court were not directed to

return. On July 7, 1961, appellant, represented by counsel, was present and requested a continuance because two witnesses, subpoenaed on July 5th, were not present. Appellant's wife, who had also been subpoenaed, was present. The jury was excused and appellant was asked what he proposed to prove through the absent witnesses. In spite of advice from counsel and requests from the court, appellant refused to make an offer of proof other than to say he wanted his witnesses. The jury was returned and appellant's motion was denied. The appellant did not take the stand and did not offer any evidence.

Appellant contends that the court, of its own motion, should have directed any witnesses to return, and when this was not done, the continuance should have been granted. ██ A motion for continuance is addressed to the sound discretion of the court. (*People* v. *Carroll,* 160 Cal.App.2d 6, 9 [324 P.2d 713].) ██ There must be a showing that the testimony of the absent witness would be material, and that diligence has been exercised in an attempt to procure his attendance. (*People* v. *Carroll, supra,* p. 9.) It must be shown that the facts to be established by the absent witness cannot otherwise be proved. (*People* v. *Peters,* 191 Cal.App.2d 581, 586 [12 Cal. Rptr. 745].)

██ Where the party desiring a continuance in order to produce witnesses, fails to advise the court of the testimony which he expects them to give, the denial of the continuance is justified. (*People* v. *Pearson,* 151 Cal.App.2d 583, 586 [311 P.2d 927].)

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied November 21, 1962.