## MOYNIHAN v. THE STATE.

CRIMINAL LAW.—*Murder in the Commission of Robbery.—Intent.*—Where, in the perpetration of a robbery, the robber takes the life of his victim, he is guilty, under section 2, 2 R. S 1876, p. 423, of murder in the first degree, though there may have been no intent to kill.

SAME.—*New Trial.—Weight of Evidence.—Jury.*—The Supreme Court will not disturb the ruling of the court below, overruling a motion by the defendant for a new trial, based upon the alleged declaration of one of the jurors, before the trial, that if he could get on the jury he would hang the defendant, which was both supported and denied by affidavits.

From the Cass Circuit Court.

*R. Magee* and *S. T. McConnell*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

WORDEN, J.—The appellant, Andrew Moynihan, and one James S. McMillen, were jointly indicted in the court below for the murder, in the first degree, of John Raymond Jackson.

There were two counts in the indictment; the first charging the murder to have been committed in the perpetration of a robbery of the deceased, and the second charging the killing to have been effected by beating the deceased with a stone.

Moynihan pleaded not guilty, and elected to be tried separately, and, upon trial by jury, was found guilty, and adjudged to suffer the death penalty. Motion for a new trial overruled, and judgment on the indictment.

We proceed to consider the questions made by counsel for the appellant, but may remark, preliminarily, that it was shown, beyond any reasonable doubt, that the appellant and McMillen, in the perpetration of a robbery of the deceased, beat and wounded him, whereby he died.

But the counsel for the appellant insist that there was no purpose to kill shown, and that, without such purpose, the crime of murder was not made out. We can not say that a purpose to kill may not have been well inferred from the acts of the parties; but a charge of the court made it unnecessary that such purpose should have been shown, in order to a conviction of murder in the first degree.

The court charged, among other things, as follows:

" It is not necessary for the State to prove that the defendant purposely killed said Jackson, in order to constitute murder in the first degree, as charged in the first count in the indictment. It is only necessary for the State to show, beyond a reasonable doubt, that the defendant killed said Jackson, while said defendant was in the act of robbing said Jackson, as charged in this count. To illus-

trate : to kill another unlawfully, in the perpetration of arson is made murder in the first degree, by this section of the statute. Suppose two men should feloniously set fire to the dwelling-house of another, at the time supposing the same to be unoccupied, and it should turn out that a human being was sleeping therein, and that his life was destroyed by the fire; the perpetrators of that arson may not even have known of his destruction therein until long after the fire occurred; they may not even have known of his existence; yet the perpetrators of that arson would be guilty of murder in the first degree. So, in this case, if the defendants Moynihan and McMillen were engaged in a common purpose to rob the said Jackson, and his death resulted from blows struck by one or both of the defendants while engaged jointly in perpetrating that crime, both would be equally guilty of murder in the first degree, although neither of the defendants purposed to kill said Jackson at the time of the commission of the robbery as charged in the indictment, nor had any intention whatever to take his life."

We are of opinion that the court did not err in charging that a purpose to kill was not necessary in order to a conviction on the first count in the indictment.

The statute provides that :

" If any person of sound mind shall purposely and with premeditated malice, or in the perpetration [of], or attempt to perpetrate any rape, arson, robbery or burglary, or by administering poison, or causing the same to be done, kill any human being, such person shall be deemed guilty of murder in the first degree, and upon conviction thereof shall suffer death." 2 R. S. 1876, p. 423, sec. 2.

We think it clear from the statute that the Legislature intended to make the killing of a human being in the perpetration of, or attempt to perpetrate, any rape, arson, robbery or burglary, murder in the first degree, though

there may have been no intent to commit the homicide. The language does not very clearly admit of any other construction.

Leaving out such parts of the statute as have no application to the case, it may be read as follows:

" If any person of sound mind shall, * * * in the perpetration of, or attempt to perpetrate, any rape, arson, robbery or burglary, * * * kill any human being, such person shall be deemed guilty of murder in the first degree," etc.

This construction is strengthened, and, indeed, the section of the statute above quoted, is substantially duplicated in respect to homicides committed in the perpetration of the crime of arson, by the 28th section of the same act, which provides that " Every person who shall wilfully and maliciously set fire to the dwelling-house, * * * * shall be deemed guilty of arson, and, upon conviction, be fined, * * * * and be imprisoned in the state-prison not less than one nor more than ten years; and should the life of any person be lost thereby, such offender shall be deemed guilty of murder in the first degree, and suffer death, or imprisonment in the state-prison during life."

In the case of *Bechtelheimer* v. *The State*, 54 Ind. 128, it was held by this court that a purpose to kill was necessary to constitute murder, where the killing was effected by the administration of poison; but the decision was put more upon the nature of the case than the language of the statute. In that case it was said:

" This construction is adopted, not so much from the language employed, considered by itself, as from the results that would flow from a different construction. If no purpose to kill is necessary to constitute murder, where the killing is brought about by administering poison, then the most innocent act of one's life may turn out to be a murder, and

that too in the first degree, subjecting him to the gallows or imprisonment for life. If a purpose to kill is not necessary, then the man is a murderer, who innocently administers what he supposes to be a proper dose of medicine, but which turns out to be a poison which kills the party taking it."

By the innocent administration of poison no penal law is violated, no moral turpitude is shown. To hang a man for such a mistake, or incarcerate him for life, is a barbarity not inflicted by the law of any civilized and enlightened people.

The case, however, is entirely different where a homicide is committed in the perpetration of, or the attempt to perpetrate, a rape, arson, robbery or burglary. The perpetration of, or the attempt to perpetrate, either of these offences, involves great moral depravity and an utter disregard of the rights of person and property; and the Legislature, for the protection of society and for wise ends, have thought it necessary to make the taking of life in the perpetration of, or the attempt to perpetrate, either of those offences, murder in the first degree, without reference to any intent to commit the homicide. The party who perpetrates, or attempts to perpetrate, either of those offences, intends a great wrong in the commission of the offence, and if death ensue he must take the consequences which result.

A question is made as to the competency of some of the jurors, on the ground that they had formed or expressed opinions as to the guilt or innocence of the accused.

We need not take up space by setting out the statements of the jurors on this subject. They were all clearly competent under the law, as held in the case of *Guetig* v. *The State*, 66 Ind. 94.

In support of the motion for a new trial, the de-

fendant filed affidavits tending to show that Moses Crockett, one of the jurors trying the cause, had said before the trial, in speaking of the transaction, that if he could get on the jury he would hang the defendants. The State filed the affidavit of Crockett, denying that he had, before the trial, formed or expressed any opinion as to the guilt or innocence of the defendants, or either of them, and denying the statements imputed to him.

Other affidavits were filed by the State, tending to impeach the credibility of the persons whose affidavits were filed by the defendants. These affidavits presented a question of fact to be decided by the court on the motion for a new trial; and we can by no means say that the court erred in holding the juror to have been competent and impartial. *Beard* v. *The State,* 54 Ind. 413.

There is no error in the record.

The judgment below is affirmed, with costs.