[Crim. No. 1151.  In Bank.—October 26, 1904.]

THE PEOPLE, Respondent, v. HENRY MILTON, Appellant.

CRIMINAL LAW—MURDER IN FIRST DEGREE—ACCIDENTAL KILLING—INSTRUCTION PROPERLY REFUSED.—Upon a prosecution for murder committed in the perpetration of or attempt to perpetrate arson, rape, robbery, burglary, or mayhem, under section 189 of the Penal Code, the court properly refused an instruction to the jury to the effect that in order to convict of murder in the first degree it must appear beyond all reasonable doubt that the defendant as a fact intended to take the life of the deceased, and that accidental killing, even in an attempt to commit one of the felonies mentioned in that section, is not murder in the first degree.

ID.—CONSTRUCTION OF PENAL CODE—MURDER IN FIRST DEGREE.—Under section 189 of the Penal Code, murder committed by poison, lying in wait, or torture must be willful, deliberate, and premeditated to constitute murder in the first degree; but where the murder is committed in the perpetration of or an attempt to perpetrate arson, rape, robbery, burglary, or mayhem, the killing, whether intentional or unintentional and accidental, constitutes murder in the first degree.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Henry C. Dibble, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

HENSHAW, J.—The defendant was convicted of the crime of murder in the first degree and sentenced to death. Upon his appeal he presents but one alleged error of the trial court upon which he seeks a reversal of the judgment. This alleged error lay in the court's refusal to give the following instruction: "The court instructs you that before you can convict the defendant of murder in the first degree you must find to a moral certainty and beyond all reasonable doubt that the defendant, as a fact, intended to take the life of the deceased.

Accidental killing, even in an attempt to commit one of the felonies mentioned in section 189 of the Penal Code, is not murder in the first degree.''

While none of the evidence is presented to us with this appeal, it will be assumed from the general tenor of the instructions actually given by the court that the charge against the defendant was for a murder committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary, or mayhem. (Pen. Code, sec. 189.)

The court properly refused to give the proposed instruction. Defendant insists that in every crime of murder in the first degree there must be shown to be present the elements of willfulness, deliberation, and premeditation bearing upon the actual intent to take human life. But such is not our law of murder. The only indispensable elements of murder under our code are,—1. The unlawful killing of a human being; and 2. That this killing be done with malice aforethought. (Pen. Code, sec. 187.) This malice is present and express when a deliberate intention unlawfully to take away the life of a fellow-creature is shown, and it is also present (though implied) when the circumstances attending the killing disclose an abandoned and malignant heart. (Pen. Code, sec. 188.) In section 189 of the Penal Code three kinds or classes of murder in the first degree are specifically enumerated: 1. All murder which is perpetrated by means of poison, or lying in wait, or torture is murder in the first degree; 2. All murder which is perpetrated by any other kind of willful, deliberate, and premeditated killing is murder in the first degree; 3. All murder which is committed in the perpetration of or attempt to perpetrate · arson, rape, robbery, burglary, or mayhem is murder in the first degree. Of the first of these classes it is sufficient to note that the means adopted for the unlawful killing furnish evidence of willfulness, deliberation, and premeditation, and this is made perfectly plain by the context of the section which declares to be murder in the first degree all murder which is perpetrated by these means, or by *any other kind* of willful, deliberate, and premedidated killing. As to such a killing, when perpetrated by means of poison, it has been held under the language of a statute similar to ours (and held in consonance with common sense and natural justice) that it was necessary to establish the unlawful intent or pur-

pose in the administration of the poison. (*Bechtelheimer* v. *State,* 54 Ind. 128.) The decision was based more upon the nature of the case than the language of the statute, as is said by the same court in reviewing that case in the later one of *Moynihan* v. *State,* 70 Ind. 126,[1] where it is pointed out that unless the unlawful intent in administering the poison is made to appear, the most innocent act of one's life might turn out to be a murder, and that, too, a murder subjecting him to the gallows; so that one who innocently administered what he supposed to be a proper dose of medicine would be compelled to endure this ultimate indignity and disgrace, notwithstanding the fact that in such administration of the poison no penal law was violated and no moral turpitude shown. In such an exceptional case, however, it is to be noted that neither element of our crime of murder is present. The killing being the result of inevitable casualty is not violative of the law, and in that sense, therefore, is not unlawful, and, of course, there is a complete absence of malice express or implied.

The second class of cases which are designated murder in the first degree embrace all other non-specified instances where the unlawful killing is shown to have been committed with willfulness, deliberation, and premeditation. The extreme penalty of the law is imposed for such offenses by reason of the manner in which they are committed. There is no occasion to mitigate the punishment because of the known weaknesses, frailties, and passions of mankind, since proof of the deliberation and premeditation precludes the idea that the slayer was dominated by such passions.

But when we come to the third kind of murder in the first degree it will be seen that in its nature it is wholly distinct from the two preceding classes. In this the law has said to the malefactor: If in your perpetration of or attempt to perpetrate arson, rape, robbery, burglary, or mayhem you shall take the life of a fellow-being, intentionally or unintentionally, your crime is murder of the first degree. The killing may be willful, deliberate, and premeditated, or it may be absolutely accidental. In either case, you are equally guilty. The elements of willfulness, deliberation, and premeditation are not indispensable to your crime. The murder, under section 187 of the Penal Code, is established, in that the killing is unlaw-

[1] 36 Am. Rep. 178.

ful, it having been perpetrated in the performance or attempt to perform one of these felonies, and the malice of the abandoned and malignant heart is shown from the very nature of the crime you are attempting to commit. Therefore, if in perpetrating arson, although in the belief that the building is unoccupied, some person within the building, unknown to you, shall lose his life, you are guilty of murder in the first degree. Or if in burglariously entering premises which you believe to be unoccupied you shall accidentally take the life of one whose presence is unsuspected by you, still your crime is murder in the first degree.

That such is the true meaning and construction of our statute there can be no doubt. *Commonwealth* v. *Green,* 1 Ashm. 289, and *Keenan* v. *Commonwealth,* 44 Pa. St. 55,[1] the only cases which the appellant presents for consideration, both have to do with deliberate and premeditated homicide, and the discussion of the court was in reference to this form of murder. In the first a soldier with his musket shot his drill-sergeant, after having threatened to do so. In the second the conductor of a street-car, after admonishing a noisy and boisterous passenger to be quiet, attempted to eject him, and was stabbed to death. Neither of these, it will be observed, has any bearing upon the crime here under consideration.

It will be noted that at common law murder was carried into the unlawful killing of a human being in the perpetration of any misdemeanor, and death was the penalty which followed. The rigor of the common law has been modified by our code section, which is drawn from the laws of New York as they stood in 1860. In *Buel* v. *People,* 78 N. Y. 492,[2] will be found an exposition and consideration of the changes made in the New York statutes relative to the crime of murder. The court there quotes the first statute, which was to the effect that the killing shall constitute murder "when perpetrated without any design to effect death by a person engaged in the commission of a felony." "The killing," says the court, "while engaged in the perpetration of any felony which caused death, even if unintentionally, is here expressly declared to be murder." The court proceeds: "The statute of 1873 was then passed, which is precisely like the statute of 1876, already cited, except that the words 'without any design to effect

---

[1] 84 Am. Dec. 414.          [2] 34 Am. Rep. 555.

death' are omitted in the latter statute. The evident purpose of omitting these words was to make any killing, while engaged in the perpetration of a felony, murder in the first degree, no matter what the design was, or whether it was intentional or casual. So that a person engaged in the commission of the crime of arson, burglary, rape, or any other felony, who killed another, was chargeable with murder in the first degree. Under all of these various provisions, where the killing was perpetrated, it was of no consequence what the intention was. The statute was aimed against any killing by a criminal while committing any of the felonies enumerated, and the last amendment while engaged in the commission of any of the numerous felonies known to the law. The striking out of the words 'without any design to effect death' was no doubt designed to avoid any necessity of showing that there was no such intention, and to make the law more explicit and clear."

For the foregoing reasons the judgment appealed from is affirmed.

Beatty, C. J., McFarland, J., Van Dyke, J., Angellotti, J., and Lorigan, J., concurred.

Rehearing denied.