[Crim. No. 127.  Second Appellate District, August 2, 1909.]

## THE PEOPLE, Respondent, v. JAKE ZIMMERMAN, Appellant.

CRIMINAL LAW—REVIEW UPON APPEAL—VERDICT NOT APPEALABLE.—No appeal lies from a verdict of guilty in a criminal case, and the review of rulings upon evidence must be confined to the appeal from the judgment and order denying a new trial.

ID.—RECEIVING STOLEN PROPERTY—ELECTION OF DATE—EVIDENCE—OTHER TRANSACTIONS—MOTIVE AND SYSTEM.—Upon the trial of an information charging the crime of receiving stolen property, where the prosecution was required to elect a particular date to be relied upon for conviction, evidence of other transactions prior

thereto and of one subsequent thereto in which the defendant was entrapped was admissible as tending to show motive and system in relation to the particular offense for which he was on trial.

ID.—DISTINCTION BETWEEN GUILTY KNOWLEDGE AND MOTIVE AND INTENT.—Although, when guilty knowledge is the only matter to be considered, a subsequent offense cannot be inquired into, yet when motive and intent are under consideration a broader field is open, and where there is a clear connection with the offense relied upon and a transaction of the next day, from which the jury might logically infer that if the defendant was guilty of the one he was guilty of the other, evidence of the subsequent transaction is admissible to show motive or system, notwithstanding it has a tendency to prove a distinct offense also.

ID.—EVIDENCE CONNECTED WITH ARREST.—The transaction of the subsequent day was also admissible as being connected with the arrest of the defendant on that day, although the circumstances connected with the entrapping and arrest of the defendant did not constitute a punishable offense, or any proof of the offense charged.

ID.—CONVICTION OF THIEF—EXCLUSION NOT PREJUDICIAL.—The exclusion from evidence of the record of conviction of the prosecuting witness for theft of the stolen goods which were received from him by the defendant for almost twenty per cent of their market value, was not prejudicial to the defendant, the prosecuting witness having testified to the theft committed by him without objection.

ID.—RECEIPT OF STOLEN JUNK—EVIDENCE—NONCOMPLIANCE WITH CITY ORDINANCE.—Where the goods stolen and received by the defendant consisted of junk in respect to which defendant was a dealer, evidence of a city ordinance requiring junk-dealers to make reports to the chief of police, and of the noncompliance of the defendant therewith, was admissible.

ID.—PRESUMPTION OF CONTINUANCE OF ORDINANCE—BURDEN OF PROOF TO SHOW REPEAL.—It must be presumed that an ordinance duly passed continued to exist, and the burden of proof is upon the defendant to show the repeal to excuse his noncompliance therewith.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

F. W. Allender, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Information charging crime of receiving stolen property. Verdict of guilty and appeal is from the verdict, judgment, and an order denying defendant's motion for a new trial.

No appeal lies from the verdict in this state (Pen. Code, sec. 1237), but on the appeal from the judgment and order we may consider the matters here urged as error.

The testimony of the person from whom the goods were received shows that he was a shipping clerk for the corporation whose goods were stolen, but without authority to sell. During the year 1908 he carried away from his employer's place of business a large number of articles (approximately five hundred) which he sold to defendant in some eight or ten transactions, some of which were had at his own house and some at the house of defendant. These articles were all new, and he sold them to defendant for about twenty per cent of their market value. The last of these transactions, prior to the date of the arrest of defendant, took place on December 14, 1908. On the evening of December 15, 1908, when leaving his employer's place of business, the witness again took some articles of similar character to those sold to defendant on December 14, 1908 (to wit: brass pipe fittings, gate valves, stop-cocks, etc.), for the purpose of selling them to defendant, but was intercepted by some police officers who were watching his movements, and required to return to the place from whence he took the goods. The articles were then marked for identification in the presence of the secretary and manager of the corporation owner and the witness was accompanied to the house of defendant by the officers, who concealed themselves while defendant purchased the articles from the witness and then came forward and took the defendant into custody. Upon examining the premises of defendant other articles were found, among which were four two-inch valves, shown by the evidence to be some of the articles that defendant purchased from the witness on December 14, 1908.

The information alleges the crime to have been committed on December 15, 1908, but at the request of defendant the prosecution was required to elect the date as to which a conviction would be asked, and the district attorney named December 14, 1908. Evidence as to all the transactions was

introduced, including that of December 15, 1908, the latter being objected to by the defendant.

It is contended by appellant that it was prejudicial error for the court to admit evidence of the transaction of December 15, 1908, because the transaction was subsequent to the date on which the district attorney elected to prove the offense charged. In support of this contention *People* v. *Willard,* 92 Cal. 487, [28 Pac. 585], is cited. Accepting that case as correctly declaring the law in respect to the matters then before the supreme court, it may easily be distinguished from the case before us. The circumstances of the transaction of December 15, 1908, which were given in evidence, were merely those attending the arrest of the defendant. They did not constitute an offense, as the goods were taken to the defendant's house with the consent and at the request of the owner, and the jury were specially instructed by the trial court that proof of these acts did not constitute proof of the offense charged.

In some of the cases in which the introduction of evidence as to transactions of similar character is considered solely with reference to the question whether or not the evidence of the other offense is intended to show guilty knowledge on the part of the defendant at the time of the transaction, it has been said that the facts to be admitted must contain some element of notice or warning, and therefore if they relate to matters subsequent to the principal offense are not admissible. Conceding this to be a proper deduction when guilty knowledge is the only matter being considered, when motive and intent are under consideration, it is said, a broader field is opened. (*People* v. *Harben,* 5 Cal. App. 29, 33, [91 Pac. 398].) Where the purpose is to show motive or system, the evidence is admissible, if it have a direct tendency, in view of the surrounding circumstances, to prove motive or intent or other material fact, notwithstanding it has a tendency to prove a distinct offense also. There is a clear connection between the transaction of December 14th and that of December 15th from which the jury might have logically inferred that if the defendant was guilty of one he was guilty of the other. (*People* v. *Cook,* 148 Cal. 334, 341, [83 Pac. 43].)

There was no error prejudicial to defendant in denying his request to introduce the record of conviction of the witness

King. He (King) admitted his guilt, and this was the stealing which constituted the basis of the offense of receiving stolen property for which defendant was being tried. The record evidence, if introduced, would only have confirmed what the witness himself had already testified to without objection. We are unable to see how defendant was prejudiced by the exclusion of the evidence. The character of King's sentence had nothing to do with his credibility or defendant's guilt.

An ordinance of the city of Los Angeles requiring junk-dealers to make reports to the chief of police of certain kinds of articles when purchased by them was introduced in evidence and testimony given on behalf of the people to show that defendant was a junk-dealer and that he had not complied with the requirements of the ordinance in this respect. Defendant objected to the introduction of the ordinance, and urges that its admission was error because the affidavit of publication thereof is dated June 23, 1899, and there is no evidence to show that it continued to be a law of the city of Los Angeles on the fourteenth and fifteenth days of December, 1908. The ordinance was proved as required by subdivision 5 of section 1918, Code of Civil Procedure, and the *prima facie* showing made entitled it to be received in evidence. If the objection urged were good, the prosecution would be required to prove a negative, and, as the matter is one of record, this could only be established by the introduction of all the ordinances passed by the city since the date of the passage of the original ordinance, in order that the court might determine that the original ordinance had not been repealed. We are of opinion that the burden is upon the defendant to overcome the presumption raised by the introduction of an ordinance regularly passed. (*Merced Co.* v. *Fleming,* 111 Cal. 46, 49, [43 Pac. 392]; *People* v. *Baldwin,* 117 Cal. 244, 250, [49 Pac. 186].) No other objection to the introduction of the ordinance is urged.

No prejudicial error appearing in the record, the judgment and order appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.