[Crim. No. 635. First Appellate District.—June 15, 1916.]

## THE PEOPLE, Respondent, v. ROBERT J. WEIR, Appellant.

CRIMINAL LAW—DRAWING CHECK WITHOUT SUFFICIENT FUNDS ON DEPOSIT—PLEADING AND PROOF.—In a prosecution under section 476a of the Penal Code for fraudulently drawing a check without sufficient funds or credit with the drawee, it is not essential to a statement of the facts constituting such offense that the information should allege the check was presented to the one on whom it was drawn; nor is it necessary to establish such fact to sustain a conviction.

ID.—EVIDENCE—CRIMINAL INTENT—SIMILAR ACTS.—In such a case the criminal intent of the defendant in making and drawing the check is an essential element of the offense, and where he admits the act, but claims that it was free from felonious intent, proof of similar acts, even though they be independent and disconnected, committed either before or after the perpetration of the crime charged, are relevant and competent for the purpose of showing guilty intent.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

R. W. Hays, and B. W. Gearhart, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—In charging the commission of the felony defined by section 476a of the Penal Code, it is not essential to a statement of the facts constituting such offense that the information should allege that the check drawn by the person charged with the offense was presented to the bank. Such in effect was the ruling in the case of *People* v. *Mohr*, 157 Cal. 732, [109 Pac. 476]. It follows logically that if such fact was not required to be pleaded against the defendant, it was not necessary to be established against him in order to secure and sustain his conviction.

The criminal intent of the defendant when making and drawing the check in question was an essential element of the

offense with which he was charged; and he admitting the act but defending in part upon the ground that it was free from felonious intent, proof of the commission of similar acts, even though they be independent and disconnected, and were committed either before or after the perpetration of the crime charged, was relevant and competent for the purpose of showing guilty intent.   (*People* v. *King,* 23 Cal. App. 259, [137 Pac. 776].)

The evidence upon the whole sustains the verdict and judgment.   The judgment and order denying a new trial are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 14, 1916.