WASTE, C. J.
 

 In an information filed by the district attorney of Los Angeles County, the defendant was charged with grand theft. He was tried by jury and convicted, whereupon he prosecuted this appeal from the judgment and order denying his motion for a new trial.
 

 It appears that on or about November 13, 1936, defendant represented to the prosecuting witness that he had a device whereby he could enlarge the denomination of $1 bills. Three days later the parties repaired to an apartment house where the “victim” delivered approximately $2,600 in bills of varying denominations to the defendant. The bills of larger denomination were to be used solely for the purpose of getting imprints thereof which were to be transposed or transferred on to the $1 bills. The larger bills were to be returned to the prosecuting witness. Subsequent developments proved that defendant had understated his ability. Rather than merely change the denominations of the smaller bills, as promised, he caused all the bills to completely disappear. Briefly, the evidence discloses that the change in denomination of the smaller bills was to be accomplished by immersing the bills of larger denomination in a solution and then by means of a press and other paraphernalia to transpose or transfer on to blank paper the imprints of said bills which, in turn, were then to be similarly transposed or transferred on to the smaller bills which, in the meantime, also had been immersed in a solution and the color and printing removed therefrom. One of the solutions essential to the transposition was kept in the bathtub of the apartment. Defendant made frequent, but unaccompanied, trips to the bathroom for the ostensible purpose of there immersing the bills that had been delivered to him. On one of these trips he emerged from the bathroom with something wrapped in a towel and put it in a small black bag that theretofore had served to transport the essential equipment. After all the bills had been thus treated, defendant brought from the bathroom what appeared to be the complete stack of bills delivered to him by the prosecuting witness, with a $1 bill on the top
 
 *707
 
 and bottom. This stack was placed in the press. Defendant then stated that it was necessary for him to go to his distantly removed hotel for additional equipment. The prosecuting witness drove defendant to the hotel. While he waited in his automobile, the defendant, with the black bag, entered the hotel presumably to get the additional equipment. Defendant failed to return. Upon his return to the scene of the operations, the prosecuting witness found that the package which defendant had placed in the press consisted of a large stack of blank paper placed between two $1 bills. The jury in convicting defendant of grand theft as charged undoubtedly concluded that defendant, under cover of a towel, had placed in the bag the bills that had been delivered to him and, at the first opportunity, departed with them to places unknown.
 

 There is also in the record the testimony of the secretary of the prosecuting witness, who related that the defendant came to their office during the morning and afternoon of November 16, 1936. It was later that day that the money was delivered to the defendant.
 

 The arresting officers testified that at the time of his arrest the defendant had in his possession approximately $1400 in currency, some of which appeared to have been immersed in a liquid, and also a black bag and paraphernalia similar to that described by the prosecuting witness.
 

 Defendant’s sole contention on appeal is that the trial court erred to his prejudice when, over objection, evidence was admitted to the effect that approximately two weeks prior to the offense of which he here stands convicted, the defendant approached the witness Merritt and informed him he had a way of transferring $10 bills on to $1 bills. The witness failed to evince interest in the plan. The witness also testified that defendant at the time had a black bag and certain equipment similar to that identified by the prosecuting witness herein.
 

 We find no error in the admission of this evidence. Though he did not take the stand on his own behalf, the defendant relied on an alibi defense and sought to prove by other witnesses that he was elsewhere at the time of the commission of the offense of which he stands convicted. The evidence that shortly prior to the commission of such offense, the defendant had represented to a third person that he could raise the denomination of $1 bills tends to establish a common
 
 *708
 
 scheme or plan on his part to defraud the public by having gullible persons deliver to him possession of their money for such purpose whereupon he would depart with it. As stated, the evidence complained of tends to establish a common scheme or plan and the testimony of the witness Merritt was therefore admissible as tending to show that the theft of which defendant here stands convicted was committed by him as a part of his scheme or plan, and this whether it be regarded as theft by false pretenses or theft by trick and device.
 
 {People
 
 v.
 
 Whiteside,
 
 58 Cal. App. 33, 38-41 [208 Pac. 132];
 
 People
 
 v.
 
 Helmlinger,
 
 69 Cal. App. 139, 141, 142 [230 Pac. 675];
 
 People
 
 v.
 
 Munson,
 
 115 Cal. App. 694, 699 [2 Pac. (2d) 227];
 
 People
 
 v.
 
 Edwards,
 
 133 Cal. App. 335, 339-341 [24 Pac. (2d) 183].) In passing, it may be stated that one of the arresting officers observed defendant prior to his arrest in conversation with the witness Merritt.
 

 In the case first above cited, the witness Stivers testified that approximately two months after the commission of the offense for which the defendant therein was on trial, the defendant had made representations to him similar to those made to the prosecuting witness therein. In approving the admission of this evidence it was declared on appeal (p. 39) that “If viewed with respect to its relevancy as tending to show that the facts constituting the charge contained in the information were a part of a scheme to defraud the public as distinguished from a single individual, it was not necessary in order that Stivers’ testimony be admissible that an attempt be shown to have been made to sell him any stock or that the evidence, if accepted as true, should tend to show the commission of an offense like in character to the one charged. ...”
 

 In
 
 People
 
 v.
 
 Sindici,
 
 54 Cal. App. 193, 196 [201 Pac. 975], it is stated that “ ‘Where the very doing of the act charged is in issue and is to be evidenced, one of the essential facts admissible is the person’s plan or design to do the act. This pi an or design itself may be evidenced by his conduct, and such conduct may consist of other similar acts [including representations] so connected as to indicate a common purpose including in its scope the act charged. . . . ’ ”
 

 We are also of the opinion that much of the evidence here complained of was admissible as tending to show that defendant had the means at hand to commit the crime of which he stands convicted.
 
 {People
 
 v.
 
 Bonner,
 
 5 Cal. App.
 
 *709
 
 (2d) 623, 627 [43 Pac. (2d) 343];
 
 People
 
 v. Radovich, 122 Cal. App. 176, 180 [9 Pac. (2d) 542].)
 

 The judgment and order are, and each is, affirmed.
 

 Houser, J., Shenk, J., Edmonds, J., Langdon, J., and Curtis, J., concurred.