[Crim. No. 9929. Third Dist. Nov. 5, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
YAKIMA KENNETH DIXIE, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, and Michele Vague, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Anthony L. Dicce and Ramon M. de la Guardia, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SPARKS, J.***—Defendant appeals from the judgment imposed following entry of his guilty plea to violation of Penal Code section 187 (second degree murder) and Penal Code section 12022.5 (use of a firearm in the commission of a felony). Defendant makes the following contentions: (1) The trial court failed to consider his intoxication and the victim's provocation as factors in mitigation; (2) the trial judge erroneously relied on the violence of the murder to impose the aggravated term; (3) the trial court failed to express any valid reason for imposition of the upper term; (4) the trial court failed to express its reasons for imposing a two-year enhancement based on the use of a firearm; and (5) the trial court improperly exercised its discretion by incorrectly stating the time defendant had to serve. We reject these contentions and affirm the judgment.

---

*Assigned by the Chairperson of the Judicial Council.

■ Defendant first argues that the trial court failed to consider his intoxication and the victim's claimed "provocation." He concedes that California Rules of Court, rule 409, provides that the sentencing judge must consider the relevant criteria enumerated in the sentencing rules and that these standards ". . . shall be deemed to have been considered unless the record affirmatively reflects otherwise." While it is true that the judge was required to weigh both the victim's alleged provocation and the defendant's intoxication (Cal. Rules of Court, rule 423(a) (2) and (b)(2)), there is nothing in the record that affirmatively shows that the court did not consider these mitigating factors. Indeed, the record affirmatively shows that the sentencing judge considered both factors. The court specifically stated in sentencing defendant: "I think we take into account the fact of the drinking where the district attorney has allowed the plea of guilty to murder in the second degree, and you will recall too, Mr. Robyn [defense counsel], and Yakima [defendant], that one doctor on the report of the diminished capacity, found that there was none and under the circumstances the Court feels quite justified."

The court's statement clearly shows it considered the mitigating impact of defendant's intoxication and rejected it. Defendant's reliance on *People* v. *Simpson* (1979) 90 Cal.App.3d 919 [154 Cal.Rptr. 249] is misplaced. There the record affirmatively reflected that the sentencing judge considered the defendant's alcoholism to be an aggravating, rather than a mitigating, factor. Reversing, the Court of Appeal merely held that a trial court must consider the possibility that a defendant's alcoholism is a circumstance in mitigation. Here the sentencing judge considered defendant's intoxication and found it was outweighed by aggravating circumstances.

■ Without substantiation defendant also contends that the court did not consider the victim's provocation as a mitigating factor. Nowhere does defendant describe evidence concerning any provocation by the victim. Although not required to search the records to determine if such a claim has substance (*Thompson* v. *Superior Court* (1968) 262 Cal.App.2d 98, 107 [68 Cal.Rptr. 530]), we have done so in this case and have determined the charge to be meritless.

The record reveals that defendant, who had been arguing with the victim, told him he disliked him and stated: "I have a good idea I could kill you right here." The victim responded, "You wouldn't want to do that to your uncle," and then laughed. As the trial court found, such a

response is of such a minor provocative nature in light of the defendant's menace as to be inconsequential.

■    Defendant also asserts the court improperly relied on the violence of the murder to impose the upper term. Professing violence to be inherent in every murder, defendant charges the court with violating rule 441(d) of the California Rules of Court.[1]

Defendant is patently incorrect. Violence is not an element of murder. The two elements of the crime of murder are (1) the unlawful killing by any means of a human being, and (2) with malice aforethought. (Pen. Code, § 187; *People* v. *Milton* (1904) 145 Cal. 169, 170 [78 P. 549].) The means by which the killing is accomplished is immaterial. (*People* v. *Murphy* (1870) 39 Cal. 52, 55.) Although murder is frequently committed by violent means, the sad chronicle of human history is replete with nonviolent murders. Deaths caused by shock due to arsenic poisoning (*People* v. *Helwinkel* (1962) 199 Cal.App.2d 207 [18 Cal.Rptr. 685]), by overdose of narcotics (*People* v. *Poindexter* (1958) 51 Cal.2d 142 [330 P.2d 763]), by abortion (*People* v. *Odmann* (1958) 160 Cal.App.2d 693 [325 P.2d 495]), by insulin injections (*People* v. *Archerd* (1970) 3 Cal.3d 615 [91 Cal.Rptr. 397, 477 P.2d 421]), and by termination of medical treatment (*People* v. *Phillips* (1969) 270 Cal.App.2d 381 [75 Cal.Rptr. 720, 45 A.L.R.3d 105]), to name a few nonviolent killings, have all been held to constitute murder. It is for this reason that assault with a deadly weapon is not a lesser included offense of murder. "It is apparent that murder can be committed without committing an assault with a deadly weapon or by means of force likely to produce great bodily injury. For example, one could commit a murder by withholding food and drink from an invalid. Therefore, the statutory definition of murder does not necessarily include assault with a deadly weapon." (*People* v. *Benjamin* (1975) 52 Cal.App.3d 63, 71 [124 Cal.Rptr. 799].)

Since violence is not an element of murder, the trial court was entitled to consider that circumstance in aggravation. Rule 421(a)(1) of the California Rules of Court[2] establishes numerous circumstances in aggravation that were present in the case at bar. The extreme violence,

---

[1]Rule 441(d) provides: "A fact which is an element of the crime may not be used to impose the upper term." (See also Pen. Code, § 1170, subd. (b).)

[2]Rule 421 provides in part: "Circumstances in aggravation include:

"(a)    Facts relating to the crime, including the fact that: "(1)    The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing

cruelty and callousness exhibited by defendant amply support the court's decision in imposing an aggravated sentence.

■ Defendant's argument that the trial court must state its reasons for imposing a two-year enhancement pursuant to Penal Code section 12022.5 is equally without foundation. Incorrectly asserting such an enhancement constitutes a "sentence choice" within the meaning of Penal Code section 1170, subdivision (c), he insists the court is obligated to state its reasons for making such a decision on the record. Penal Code section 12022.5 mandates an additional term of two years to be imposed when a person uses a firearm in the commission or attempted commission of a felony. A "sentence choice" is defined as "... the selection of any disposition of the case...." (Cal. Rules of Court, rule 405(f).) It relates to discretionary choices and does not cover mandatory enhancements. Since the applicability of this section to the present case is evident, and the punishment is mandated, it is not a "sentence choice" requiring comment on the record. (Cf. *People* v. *Arceo* (1979) 95 Cal.App.3d 117, 120-121 [157 Cal.Rptr. 10].) Only when a sentencing court strikes the enhancement does that action become a sentence choice requiring a statement of reasons on the record. (Pen. Code, § 1170.1, subd. (g).)

At the conclusion of the sentencing, the trial court stated: "Of course, Yakima, you are eligible for parole—What, after one-third of the time?...You will have to do at least three years."

---

a high degree of cruelty, viciousness or callousness, whether or not charged or chargeable as an enhancement under section 12022.7.

"(2)   The defendant was armed with or used a weapon at the time of the commission of the crime, whether or not charged or chargeable as an enhancement under section 12022 or 12022.5.

"(3)   The victim was particularly vulnerable.

"⋯   .   .   .   .   .   .   .   .   .   .   .   .   .

"(5)   The defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission.

"(6)   The defendant threatened witnesses, unlawfully prevented or dissuaded witnesses from testifying, suborned perjury, or in any other way illegally interfered with the judicial process.

"⋯   .   .   .   .   .   .   .   .   .   .   .

"(b)   Facts relating to the defendant, including the fact that:

"(1)   He has engaged in a pattern of violent conduct which indicates a serious danger to society.

"(2)   The defendant's prior convictions as an adult or adjudications of commission of crimes as a juvenile are numerous or of increasing seriousness.

"(3)   The defendant has served prior prison terms whether or not charged or chargeable as an enhancement under section 667.5."

■ Defendant correctly contends the trial court erred in stating the minimum amount of time he would have to serve would be three years. Defendant is only entitled to have his sentence of nine years reduced by one-third, not two-thirds, for good behavior. (Pen. Code, § 2931.) We reject, however, defendant's contention that the trial judge might not have imposed an aggravated term had he known that that term required six years of imprisonment instead of three. The trial judge here explicitly emphasized that under the circumstances of this case he felt "quite justified" in imposing the aggravated term. The error in reciting when defendant would be eligible for parole was harmless. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgment is affirmed.

Puglia, P. J., and Regan, J., concurred.

A petition for a rehearing was denied November 29, 1979, and appellant's petition for a hearing by the Supreme Court was denied January 3, 1980.