Filed 9/24/21  P. v. Johnson CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>JOHN EDWARD JOHNSON,<br><br>　　　　Defendant and Appellant. | A159945<br><br>(San Mateo County<br>Super. Ct. No. SC022446A) |

John Edward Johnson appeals from an order summarily denying his petition under Penal Code section 1170.95,[1] which permits certain persons convicted of felony murder or murder under the natural and probable consequences theory to seek resentencing under the procedures created by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  Appellant was convicted of felony murder for unintentionally causing the death of a motorist he hit and killed, while being pursued by police after he committed two robberies.  Appellant contends the trial court erred by relying on facts not alleged in his resentencing petition and by concluding that he, as the driver of the vehicle, was the "actual killer."  He argues that the court erred by denying him a jury trial to decide the issue.  We affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

1

## BACKGROUND

This court affirmed appellant's conviction in *People v. Johnson* (1992) 5 Cal.App.4th 552 (*Johnson*). Our opinion describes Elaine Williams's death in an automobile accident with appellant. (*Id.* at p. 555.) After robbing two men, appellant fled in a stolen car that struck Williams's car, killing her. (*Ibid.*) Appellant testified that the collision occurred 22 miles from and 30 minutes after the robbery. Seeing no police, he thought he was safe. (*Id.* at p. 556–557.) He pleaded guilty to assault with a firearm, vehicle theft, being a felon in possession of a deadly weapon, and two counts of robbery. The jury convicted him of first degree murder with special circumstances. (*Id.* at p. 557.)

On appeal, appellant challenged the sufficiency of the evidence to support his felony-murder conviction. (*Johnson, supra,* 5 Cal.App.4th at p. 557.) He argued that when Williams died, the felonies were completed because he had reached a place of temporary safety and he thought he was safe. (*Id.* at p. 559.) Rejecting this contention, we explained the "issue to be resolved is whether a robber had actually reached a place of temporary safety, not whether the defendant thought that he or she had reached such a location." (*Id.* at p. 560.) We held the issue was a question of fact for the jury, and the evidence, despite the distance and lapse of time, was sufficient to permit the jury to determine the robberies and the homicide were parts of a continuing transaction. (*Id.* at pp. 559–560.) We remanded for resentencing and subsequently affirmed appellant's appeal of his sentence on remand. (*Id.* at p. 561; see *People v. Johnson* (Mar. 25, 1994, A061851 [nonpub. opn.].)

Following the passage of Senate Bill 1437, appellant filed a form "Petition for Re-Sentencing Penal Code § 1170.95 (SB 1437)." Appellant

checked various boxes on the form indicating that (1) an information had been filed against him which allowed the prosecution to proceed under a theory of felony-murder or the natural and probable consequences doctrine; (2) at trial he was convicted of first or second degree murder based on the felony-murder theory or the natural and probable consequences doctrine; and (3) he could not be convicted under the newly amended sections 188 and 189. Appellant did not check the form's box "5" or the box adjacent to "I was not the actual killer."

The court granted his request for appointed counsel. Both parties extensively briefed the issues in the resentencing petition. The prosecution argued that, as the driver during the fatal collision, appellant was the actual killer and was guilty of felony murder under section 189, subdivision (e)(1), of the amended statute. The prosecution asked the court to take judicial notice of the record of conviction (the complaint, the preliminary hearing transcript, the information, the court's minutes, appellant's plea form, and the probation report) and to consider our *Johnson* opinion.

At the hearing on the petition, the parties submitted the matter on the briefs. The trial court denied the petition: "This is a case in which the defendant was convicted as the actual killer, the driver of the vehicle involved. And based on that, his petition is denied as to be ineligible for relief under 1170.95." Appellant timely appealed.

**DISCUSSION**

A.    *Legal Background*

Effective January 1, 2019, with the passage of Senate Bill 1437, "the Legislature reduced the scope of the felony-murder rule and eliminated vicarious liability for murder under the natural and probable consequences doctrine. Generally, liability for murder now requires that the defendant:

3

(1) was the actual killer; (2) was a direct aider and abettor who acted with the intent to kill; or (3) 'was a major participant in an underlying felony and acted with reckless indifference to human life.' ([See] §§ 187, 188, 189, subd. (e)(3).)" (*People v. Flores* (2020) 54 Cal.App.5th 266, 271–272.)[2]

Senate Bill 1437 also enacted section 1170.95, which "permits an accomplice convicted of murder (not the actual killer) to petition the court to vacate his or her conviction and be resentenced on any remaining counts if the person could no longer be convicted of murder after the passage of Senate Bill No. 1437." (*People v. Flores, supra,* 54 Cal.App.5th at p. 272.) Subdivision (a) of the statute requires a petitioner to allege that he or she could not be convicted of murder because of changes in sections 188 and 189 made by Senate Bill 1437. Subdivision (c) creates a procedure to resolve such a petition: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." The court appoints counsel (if requested), the prosecutor files a response, and the petitioner may file a reply. (§ 1170.95. subd. (c).) "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (*Ibid.*) Accordingly, a court will not hold an evidentiary hearing unless it first finds a prima facie showing of entitlement to relief. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 673, abrogated on another point in *People v. Lewis* (2021) 11 Cal.5th 952, 961–962 (*Lewis*).)

---

[2] Senate Bill 1437 also redefined malice under section 188 to require that a principal acted with malice aforethought. Section 188, subdivision (a)(3) provides in relevant part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

After briefing in this case was completed, our Supreme Court decided *Lewis, supra,* 11 Cal.5th 952, which held the court may rely on the record of conviction, including the court's own documents and appellate opinions, to decide if the petitioner made a prima facie showing. (*Lewis,* at pp. 970–971.) If the record of conviction contains facts refuting the petition's allegations, then the court is justified in making a finding that the petitioner did not meet his burden. (*Id.* at p. 971.)

B.      *The Trial Court Did Not Err in Summarily Denying the Petition*

The record here supports the trial court's ruling that appellant was ineligible, as a matter of law, for relief under section 1170.95 because he was the "actual killer," and could be convicted of first or second degree murder pursuant to Senate Bill 1437. (See § 189, subd. (e).)[3] Our *Johnson* opinion described the trial evidence and confirms that the murder involved a single perpetrator, appellant. No other person, vehicle, or intervening act caused the fatal collision. Similarly, the record of conviction (the information, jury instructions, and verdict) establishes that appellant was the actual killer. (See *People v. Edwards* (2020) 48 Cal.App.5th 666, 674–675 [court can review "readily available record of conviction" including "charging information and jury instructions"], abrogated on another point in *Lewis, supra,* 11 Cal.5th at pp. 961–962; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177-1178, [court can review "information that is readily ascertained"], abrogated on another point in *Lewis,* at p. 963; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327–330 [court "must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment"], abrogated on another

---

[3] Appellant's case did not involve the natural and probable consequences doctrine or accomplice liability.

5

point in *Lewis,* at pp. 961–962.) The trial court properly relied on the record of conviction and our *Johnson* opinion to reach the inescapable conclusion that appellant was the actual killer and, therefore, to deny appellant's section 1170.95 petition.[4]

Nevertheless, appellant contends the trial court erred in summarily denying his petition because he did not "personally, directly or purposefully commit[] any forceful or violent act against Williams." Although he concedes that Williams's death occurred during his flight from the scene of two robberies, appellant argues he was not the actual killer because her death was accidental. Following a protracted review of the history of the felony-murder rule, the recent amendments to the murder laws, the statute governing special circumstances murder (§ 190.2), and a discussion of inapposite cases,[5] appellant adduces a series of 18 "conclusions" that purportedly support his position. Appellant's lengthy arguments suffer from a fundamental misunderstanding of the scope of Senate Bill 1437 and the law of felony murder.

---

[4] To the extent appellant contends the trial court erred in considering the preliminary hearing transcript and the probation officer's report, any error was harmless as it is not reasonably probable that had the challenged documents not been considered the court would have issued an order to show cause and proceeded to an evidentiary hearing in this case. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 676, review granted Feb. 24, 2021, S266336 [applying the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836 in making prima facie determination pursuant to § 1170.95].)

[5] The cases cited by appellant involve accomplice liability and concurrent causes—which are clearly not at issue in this case. (*Cf. Enmund v. Florida* (1982) 458 U.S. 782, 797–798 [addressing accomplice liability]; *Carlos v. Superior Court* (1983) 35 Cal.3d 131, 135 [same]; *People v. Contreras* (2013) 58 Cal.4th 123, 164, 165 [holding actual killer needs to have " 'culpable state of mind' "].)

The title of Senate Bill 1437—"Accomplice liability for felony murder" (2018 Stats., ch. 1015)—expressly states the Legislature's intent to ensure proportionate punishment for *accomplices*. A participant in a specified felony who was *not* "the actual killer" can only be guilty of murder if the People prove a particular mental state or a major participant role in the underlying crime. Subdivision (e) imposes no such heightened degree of culpability where, as here, "[t]he person was the actual killer." (§ 189, subd. (e)(1).) (See *People v. Verdugo, supra,* 44 Cal.App.5th at p. 325 [Senate Bill 1437 "significantly modif[ied] the law relating to accomplice liability for murder"].)

In the context of the felony-murder rule, the meaning of "actual killer" is "literal": the person whose conduct during the commission of a qualifying predicate offense caused the victim's death. (*People v. Garcia* (2020) 46 Cal.App.5th 123, 152.) Where there are *multiple accomplices*, it identifies "the *actual* killer." (See *id.* at p. 153 [rejecting suggestion that a codefendant should be considered an actual killer based on the act of handing a roll of duct tape to another person]; see also § 189, subd. (e)(1).) The analysis is inapplicable to an offense where a *single perpetrator* was *the killer*.

Senate Bill 1437 did not change the longstanding rule that a defendant is guilty of felony murder if that defendant, while intending to commit a qualifying felony, personally performs an act that causes death, regardless of whether the fatal act was intentional or accidental. (See, e.g., *People v. Coefield* (1951) 37 Cal.2d 865, 868 [section 189 applies to any killing during the commission of a robbery "regardless of whether it was intentional or accidental"]; accord, *People v. Billa* (2003) 31 Cal.4th 1064, 1068 ["felony-murder rule covers 'a variety of unintended homicides resulting from reckless behavior, or ordinary negligence, or pure accident' "]; see also *People v. Washington* (1965) 62 Cal.2d 777, 781 ["inadvertent or accidental killings are

first degree murders when committed by felons in the perpetration of robbery"].)

Here, the jury found appellant guilty of first degree murder under a felony-murder theory based on his fatal collision with another motorist while fleeing police. The trial court did not err in finding appellant ineligible, as a matter of law, for relief under section 1170.95 because he was the "actual killer."

Finally, contrary to appellant's assertion, he has no right to a jury trial to determine whether he was the actual killer. In *People v. James* (2021) 63 Cal.App.5th 604, 608–609, this court recently explained: "Section 1170.95 is 'an act of lenity' that requires, under specified circumstances, reduction of the offense for which [the defendant] was properly convicted. The constitutional right to a jury trial does not require a jury determination of those circumstances. '[T]he retroactive relief . . . afforded by Senate Bill 1437 is not subject to Sixth Amendment analysis. Rather, the Legislature's changes constituted an act of lenity that does not implicate defendants' Sixth Amendment rights.' [Citation.] This reasoning has consistently been followed in proceedings under section 1170.95. [Citations.] No constitutional provision required the Legislature to authorize relief under the conditions specified in section 1170.95 and none compels it to make the conditions subject to jury determination." (*James*, at p. 609.) "Because the authorization of retroactive relief in Senate Bill No. 1437 was an act of lenity, the Legislature was free to condition the availability of such relief on the convicted person prevailing at an evidentiary hearing conducted pursuant to the nonjury procedure set forth in section 1170.95." (*Id.* at pp. 610–611.) Accordingly, appellant was not entitled to a jury trial to determine whether he was the actual killer.

8

## DISPOSITION

The order denying the petition is affirmed.

_____
Ross, J.*

WE CONCUR:


_____
Pollak, P.J.


_____
Brown, J.


_A159945 People v. Johnson_

_____

\* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10